**Roy E. CARVER, Appellant,**

v.

**The PARTLOW CORPORATION et al.,**
**Appellee.**

**No. 21942.**

United States Court of Appeals
Fifth Circuit.

May 6, 1965.

---

Allan Milledge, Neal Rutledge, Rutledge & Milledge, Miami, Fla., for appellant.

William C. Norwood, Miami, Fla., Fowler, White, Gillen, Humkey & Trenam, Miami, Fla., of counsel, for appellee.

Before TUTTLE, Chief Judge, and RIVES and BELL, Circuit Judges.

PER CURIAM:

This suit was brought by appellant, a seaman, to recover damages for personal injuries allegedly resulting from negligence and unseaworthiness. Appellant served as the chef-steward aboard the yacht "Mercury". Prior to the injury in suit, appellant suffered a slight sprain to his left arm which required him to carry the arm in a sling. Appellant continued to perform his housekeeping duties on the yacht, and the injury in suit occurred when he slipped on the gangway while carrying a garbage pail, causing serious aggravation to the original sprain. The theory of the present suit was that the yacht was unseaworthy by virtue of being undermanned, whereby appellant was required to perform duties in a partially disabled condition which resulted in his injury. Alternatively, it was contended that the Captain of the "Mercury" was negligent in requiring appellant to perform duties while partially disabled.

In a trial without a jury, the District Court concluded that neither negligence nor unseaworthiness had been shown and entered judgment for the shipowner. On this appeal, appellant contends that the evidence and undisputed facts compelled a judgment in his favor. The District Court concluded that the yacht was not undermanned, and hence not unseaworthy, because the vessel was in port, requiring only routine housekeeping duties of appellant, and because appellant's original sprain was not of sufficient gravity to prevent him from performing such duties. For the same reasons, he concluded that there was no negligence in requiring appellant to perform these duties. A careful review of the record demonstrates that these conclusions are immune from reversal. There being no error, the judgment appealed from is

Affirmed.